**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANICE CANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J.R.S.-I, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.  Plaintiff Janice Cane brings this action to secure redress from unlawful credit and collection practices engaged in by defendant J.R.S.-I, Inc.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

a.  Defendant's collection communications were received by plaintiff within this District;

b.  Defendant does or transacts business within this District.

## PARTIES

4.  Plaintiff Janice Cane  is an individual who resides in the Northern District of Illinois.

5.  Defendant J.R.S.-I, Inc., is an Illinois corporation.  Its registered agent and office is Steven J. Fink, 25 East Washington, Suite 123, Chicago, IL 60602.

6.  J.R.S.-I, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7.     J.R.S.-I, Inc., is a debt collector as defined in the FDCPA.

## FACTS

8.     In 2005, J.R.S.-I, Inc. sued plaintiff in the Circuit Court of Cook County to recover a debt incurred on a consumer credit obligation entered into for personal, family or household purposes and not for business purposes.  The case was 2005 M1 132779.

9.     On June 24, 2005, J.R.S.-I, Inc. obtained a judgment against plaintiff.

10.     Under Illinois law, the judgment became unenforceable on June 24, 2012.

11.      735 ILCS 5/12-108(a) provides:

**Sec. 12-108. Limitation on enforcement. (a) Except as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601 of this Act [735 ILCS 5/2-1601]; but real estate, levied upon within the 7 years, may be sold to enforce the judgment at any time within one year after the expiration of the 7 years. A judgment recovered in an action for damages for an injury described in Section 13-214.1 [735 ILCS 5/13-214.1] may be enforced at any time. Child support judgments, including those arising by operation of law, may be enforced at any time.**

12.     At no time was the judgment revived.  A copy of the court docket in 2005 M1 132779 is attached as <u>Exhibit A</u>.

13.     Defendant has continued collecting the judgment through wage deduction proceedings after June 24, 2012, including as late as September and October 2012, receiving payments from plaintiff's employer during those months.

14.     Defendant has thereby represented to both plaintiff and plaintiff's employer that it is entitled to collect money on the judgment, when that is not the case.

## COUNT I – FDCPA

15.     Plaintiff incorporates paragraphs 1-14.

16.     Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4),  1692e(10), 1692f and 1692f(1).

17.     15 U.S.C. §1692e provides:

**§ 1692e.  False or misleading representations**

2

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; . . .**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

18.    15 U.S.C. §1692f provides:

**§ 1692f.  Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by  the agreement creating the debt or permitted by law. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory and actual damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.

3

120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)